JOHN McANDREWS, PLAINTIFF IN ERROR, v. MARY BURNS, ADMINISTRATRIX OF JAMES BURNS, DECEASED, DEFENDANT IN ERROR.

1. A master is not liable to a servant for the negligence of a fellow-servant, while the two are engaged in the same common employment, unless for negligence in the selection of the servant in fault, or in retaining him after notice of his incompetency.
2. A fellow-servant is any one who serves and is controlled by the same master; common employment is service of such kind that, in the

exercise of ordinary sagacity, all who engage in it may be to foresee, when accepting it, that through the negligence of fellow-servants, it may probably expose them to injury.

On error to the Supreme Court.

For the plaintiff in error, *Vanatta*, Attorney-General.

For the defendant in error, *John Linn*.

The opinion of the court was delivered by

DALRIMPLE, J.   This action is brought to recover damages alleged to have been sustained by the death of plaintiff's intestate, caused by the carelessness and neglect of the defendant.   The deceased, at the time he was killed, was in the defendant's employ as a workman engaged in excavating a tunnel for a railroad through Bergen hill.   The exact charge of negligence is, that the defendant failed to provide proper means whereby the laborers and workmen in his employ, of whom the deceased was one, could be safely and securely let down from the surface of the ground through shafts, into the tunnel, where the work of excavation was going on.

On the trial at the circuit, the defendant gave evidence tending to show that he had supplied all the appliances necessary for the safety of the workmen engaged in making the excavation, and had directed their use by subordinates whose competency was not questioned.

The court, in reference to this ground of defence, charged the jury, in substance, that it was the duty of the defendant, personally, to deliver at the shafts the appliances in question, or to see that it was done, and that if he deputed this duty to an agent or servant, who failed to perform it, and thereby injury ensued to an employé, the defendant would be liable to an action for the damages.   This legal proposition seems to be based on the doctrine that where the principal withdraws from the management of the work, he is

liable for the negligence of his subordinates, in the employment of servants, and in the selection and provision of the necessary and proper means for the safety of the employed. It is said that, in such case, the master is liable to a servant who sustains an injury from the negligence of the agent in the performance of the duty of the principal, entrusted to the agent. But, assuming the rule to be as stated, it does not govern the present case. I am not prepared to say that the charge would not have been unexceptionable if the evidence had been that the defendant had personally withdrawn from the business, and had left its management, including the selection of workmen and the choice of appliances, to agents. But the facts, the legal effect of which was the subject matter of discussion before the court, were quite different. They were, as the defendant's evidence tended to prove, that the defendant was in person engaged in the work—selected his superintendents and other employés, and furnished them with, and directed them to use, all the appliances necessary to ensure the safe conduct of the workmen through the shafts to and from the tunnel. If the fellow-servants of the deceased, whose duty it was to deliver and use, at the proper place, the appliances provided by the defendant, neglected to discharge their duty in that regard, whereby injury was sustained by a fellow-workman, no action against the master could be maintained, on the recognized principle that a master is not liable to a servant for the negligence of a fellow-servant, while the two are engaged in the same common employment, unless for negligence in the selection of the servant in fault, or in retaining him after notice of his incompetency. It was insisted on the argument, that the servants of the defendant, who were alleged to have been derelict in duty, could not properly be denominated the fellow-servants of the deceased, engaged with him in a common employment. A fellow-servant I take to be any one who serves and is controlled by the same master. Common employment is service of such kind that, in the exercise

of ordinary sagacity, all who engage in it may be able to foresee, when accepting it, that through the negligence of fellow-servants, it may probably expose them to injury. The ground on which rests the exemption of the master from liability to the servant for negligence of a fellow-servant, engaged in a common employment, is, that the servant is presumed to contract in reference to the risk incurred. These are familiar principles, extracted from the text-books, and supported by numerous adjudications of weight and authority. *Whart. on Neg.*, 224–234; *Shear. & Redf. on Neg.*, *ch.* *VI.*, and cases cited; *Harrison* v. *Central R. R. Co.*, 2 *Vroom* 293.

Applying them to the case in hand, the instruction given to the jury in the particular under consideration, appears to be inaccurate. The deceased was a fellow-servant of him by whose negligence the injury was alleged to have been caused. They were engaged, at the time deceased was killed, in a common employment, as well because both were employés of defendant in the construction of the tunnel, as because the presumption fairly arises that the deceased made his contract of service in view of the risk to which he might be subjected by the negligence of his fellow-servants. The risks which the deceased assumed, embraced not only those arising from the negligence of fellow-servants engaged in the same kind of work, but those which might arise from the negligence of servants or employés of defendant whose labors in or on the surface of the tunnel tended to the construction of the work. The laborer whose duty it was to deliver on the surface at the shafts, or there use or keep in repair the instrumentalities provided by the defendant for the safe conduct of the laborers to and from the tunnel, was, in the view of the law, a fellow-servant of the deceased, whose place of labor was in the tunnel, and they were engaged in a common employment.

There having been error in the charge of the court to the jury on the point above stated, and exception duly taken for

this reason, without deeming it necessary to consider the assignments of error on other points, the judgment brought up must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DAL-RIMPLE, DEPUE, DIXON, REED, SCUDDER, VAN SYCKEL, WOODHULL, CLEMENT, DODD, GREEN, LILLY, WALES. 14.